Dear Senator Woods:
This letter is in response to your questions asking:
Under Chapter 321:
 1. Does 321.290 apply only to debts obligated to bonded or contractual debts, or does it apply to any debts, such as operating deficits of fire districts;
 can the fire district increase taxes by a vote of the board when they are in debt?
 2. Under 321.225, can the fire district use this portion of the tax base for other costs than ambulance service?
 3. Can the fire district use pension funds to pay for health insurance for active firemen;
 can they use pension funds for any ongoing operating costs?
Your first question asks whether § 321.290, RSMo, applies only to bonded or contractual debts or whether it applies to any debts such as operating deficits of fire districts and whether the fire district can increase taxes by a vote of the board when they are in debt.
Section 321.290 provides:
 Whenever any bonded or contractual indebtedness has been incurred by a district, it shall be lawful for the board to levy taxes and collect revenue for the purpose of creating a reserve fund in such amount as the board may determine, to be used to meet the obligations of the district.
It seems clear that this section refers only to bonded or contractual indebtedness. Whether a particular indebtedness of the district comes under the definition of either "bonded or contractual indebtedness" is largely a factual matter which we cannot determine with the information that we have.
Your second question asks whether under § 321.225, RSMo, the fire district can use that portion of the tax base for costs other than ambulance service.
Section 321.225, RSMo, provides that a fire protection district may, in addition to its other powers and duties, provide emergency ambulance service within its district if a majority of the voters voting thereon approve a proposition to furnish such service and to levy a tax not to exceed fifteen cents on the one hundred dollars assessed valuation "to be used exclusively
to supply funds for the operation of an emergency ambulance service." (Emphasis ours.)
Your third question asks whether the fire district may use pension funds to pay for health insurance for active firemen, and whether they can use pension funds for any ongoing operating costs.
We are advised that the fire protection district to which you refer is currently paying out of pension funds the costs of medical coverage for firefighters and the costs of their disability insurance premiums. The district apparently makes these expenditures out of pension funds on the advice of counsel. Therefore, it is our view that the legality of these expenditures can only be determined by a court of law in an action brought by interested and proper parties. The question is not, under these circumstances, a proper subject for an opinion of this office.
We enclose Opinion No. 511, dated October 6, 1970, to Cantrell, which is related to your third question and is self-explanatory.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Att'y Gen. Op. No. 511, Cantrell, 10/6/70